*McGehee, C. J.,* and *Alexander, Hall,* and *Kyle, JJ.,* concur.

HALL *v.* STATE.

Dec. 15, 1952

No. 38559          12 Adv. S. 25          61 So. 2d 446

*Vance W. Good,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

HALL, J.

Appellant was convicted of assault and battery with intent to kill and murder George Topps by shooting and wounding him with a pistol and was sentenced to serve a term of three years in the state penitentiary. He contends on appeal that the shooting was in self-defense and that for this reason he was entitled to a directed verdict, but that, if mistaken in this contention, the verdict is contrary to the great weight of the evidence for which reason the trial court erred in overruling his motion for a new trial.

The shooting occurred in a Negro dance hall where the music was furnished by a coin operated music machine commonly known as a "juke box". Upon depositing a nickel in the machine the operator could press a button indicating the selection to be played and the machine would thereupon play a phonograph record of the number selected. A large gathering of colored people were enjoying the festivities thus provided. George Topps seems to have been enamored with the tune "The Tennessee Waltz" and had deposited several nickels in the machine and caused this record to be played numerous times. Someone whose identity is not disclosed apparently grew tired of the soothing strains of this popular ballad and, desiring an acceleration of the speed thus set in tripping the light fantastic toe, stopped the music. Appellant then placed a nickel in the music box and selected a number which afforded a more rapid and fancy step. George Topps resented the abrupt ending of his favorite tune and thereupon stopped the piece which appellant was causing to be played. An argument ensued between appellant and Topps and, according to the evidence for the State, appellant drew a pistol and threatened to kill Topps. Nearly all the participants in the dance, upon the brandishing of the weapon, hastily

64

set a more lively pace toward the exit, and during this confusion Topps went through a door to an adjoining room where he picked up a shotgun and while he was examining it to ascertain whether it was loaded (and the proof shows that it was not loaded) appellant fired three shots at him. One bullet struck him in the mouth, broke his jawbone and knocked out several teeth; another struck him in the back; and another went wild and ironically but tragically broke a bottle of Hadacol which was sitting on a shelf nearby. ▆▆ The proof for the State shows that appellant was the aggressor in the difficulty and that the shooting was wholly unjustified. Appellant's evidence is to the effect that he shot in self-defense. Such conflicts in the evidence are for solution by a jury. Stokes v. State, 172 Miss. 199, 159 So. 294; Price v. State, 207 Miss. 111, 41 So. 2d 37. The verdict was not against the great weight of the evidence but, on the contrary, was amply supported by the proof. The judgment is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Alexander, Kyle* and *Arrington, JJ.,* concur.